**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALBERTO ALANIZ, # 04321-017,

     Petitioner,               Civil No. 2:08-CV-12515
                                   HONORABLE MARIANNE O. BATTANI
v.                             UNITED STATES DISTRICT JUDGE

L.C. EICHENLAUB,

     Respondent,
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART AS MOOT AND IN PART WITHOUT PREJUDICE

Alberto Alaniz, ("petitioner"), a federal prisoner currently confined at the

Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the

policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for

placement in a Community Corrections Center ("CCC"), also known as an RRC

or halfway house.  For the reasons stated, the Court dismisses the petition for a

writ of habeas corpus in part as moot and in part without prejudice.

### I.  Background

Petitioner was convicted in the United States District Court for the Western

District of Missouri for conspiracy to possess with intent to distribute, aiding and

abetting in the distribution, and distribution of more than 1,000 kilograms of

marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(D).

1

Petitioner was sentenced on July 29, 1997 to a twenty year, ten month term of imprisonment followed by ten years of supervised release. Petitioner's conviction and sentence was affirmed on appeal. *United States v. Alaniz,* 148 F. 3d 929 (8th Cir. 1998); *cert. den.* 119 S. Ct. 604 (1998). Petitioner's projected release date is November 14, 2013.

In his habeas application, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is less, as well as the legal decisions by the BOP and the Department of Justice which led to these regulations being put into place. Petitioner claims that the BOP's "categorical discretion" to prohibit the placement of prisoners in a CCC except during the final six months of their imprisonment conflicts with 18 U.S.C. § 3621(b), which requires the BOP to decide a prisoner's placement on a case by case basis. Petitioner further claims that the Second Chance Act, which limits the placement of federal prisoners in halfway house for twelve months, violates the *Ex Post Facto* Clause of the U.S. Constitution.

## II. Discussion

Petitioner's habeas application is subject to dismissal for two reasons.

First, petitioner's challenges to the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is

less, has been mooted by passage of the Second Chance Act.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(citations omitted).

The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize the BOP to consider placing an inmate in an RRC [residential re-entry centers] for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Demis v. Sniezek,* 558 F. 3d 508, 513-14 (6th Cir. 2009). In accordance with the provisions of the Second Chance Act, the BOP on April 14, 2008 issued an interim policy memorandum stating that the "'categorical timeframe limitations on prerelease community confinement' found in 28 C.F.R. §§ 570.20 and 570.21 ... 'are no longer applicable and must no longer be followed.'" *Id.* On October 21, 2008, the BOP issued an interim rule "revis[ing] current regulations on pre-release community confinement in [28 C.F.R. § 570(b)] to conform with the requirement of the Second Chance Act." *Id.* (citing 73

3

Fed.Reg. 62440, 62441 (October 21, 2008).  This interim rule further specifies that the decision to place an inmate in pre-release community confinement should be "determined on an individual basis" and according to the factors listed in 18 U.S.C. § 3621(b). *Id.*

The passage of the Second Chance Act, when considered together with the BOP's implementation of the Act as reflected in its policy memorandum and interim rule, renders petitioner's challenge to the validity of §§ 570.20 and 570.21 moot. *Demis,* 558 F. 3d at 514.

Petitioner, however, further claims that the Second Chance Act violates the *Ex Post Facto* Clause of the United States Constitution, because it limits a federal prisoner's placement in a halfway house to no more than twelve months.

Petitioner's claim that the Second Chance Act violates the *Ex Post Facto* Clause is subject to dismissal on exhaustion grounds, because petitioner never presented this particular claim in his administrative appeals to the BOP.

It is well-established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003).  The burden is on the petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The BOP maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his

4

imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10.  Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15). Petitioner's claim that the Second Chance Act violates the *Ex Post Facto* Clause is subject to dismissal, because petitioner has not shown that he has exhausted his administrative remedies with respect to any Second Chance Act claims. *See Levon v. Eichenlaub*, No. 2008 WL 5422682, * 2 (E.D. Mich. December 29, 2008).

Petitioner has also not shown that exhaustion would be futile.  Exhaustion requires that petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994).  Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n.*, 502 F.Supp. 446, 448 (E.D.Mich.1980).  Accordingly, the Court will dismiss petitioner's challenge to the constitutionality of the Second Chance Act without prejudice.

### III. Conclusion

IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED

IN PART FOR BEING MOOT, AND DISMISSED IN PART WITHOUT PREJUDICE to petitioner re-filing his challenge to the constitutionality of the Second Chance Act after exhausting administrative remedies.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
UNITED STATES DISTRICT COURT

DATED: October 8, 2010

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above Order was served upon the Petitioner, and Counsel for the respondent via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager